IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONATO RUIZ-ROSADO,

Defendant.

CRIMINAL : 15-420 (GAG)

**REPORT AND RECOMMENDATION**
**RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

**I.    Procedural Background**

On June 18, 2015, a grand jury returned an indictment against Donato Ruiz-Rosado (hereinafter referred to as "defendant"). ECF No. 3. Defendant has agreed to plead guilty to count one of the indictment. Count one charges that from on or about November 12, 2014, in the District of Puerto Rico, and elsewhere within the jurisdiction of this court, the defendant knowingly possessed materials which contained an image of child pornography, as defined by 18 United States Code, Section 2256(8)(A), such as any visual depiction of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct, and which had been shipped and transported using any means and facility of interstate and foreign commerce. In particular, this count alleges that on or about the date mentioned above, Donato Ruiz-Rosado knowingly possessed in his Gateway laptop computer (serial number NXY1UAA0062170E8581601) and his Western Digital 320 gigabyte hard drive (serial number WXB1C2207648), which were not manufactured in Puerto Rico and which had been transported in interstate and foreign commerce, at least eighty-four (84) videos depicting actual minors, including prepubescent minors, engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), such as, any visual depiction of sexually explicit conduct, where the production of such visual depiction involves the use of a prepubescent

2

minor engaging in sexually explicit conduct, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

**II.      Consent to Proceed Before a Magistrate Judge**

On January 18, 2017 , while assisted by counsel, defendant, by consent, appeared before me in order to enter a plea of guilty as to count one of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge for purposes of entering his guilty plea to count one of the indictment.

**III.     Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.  Rule 11 Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.     To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

3

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having him guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count one, he is exposed to a maximum term of imprisonment of twenty (20) years, a fine not to exceed two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of at least five (5) years but not more than life.

The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

4

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Basis in Fact**

At the change of plea hearing, the defendant admitted as true the following proffer made by the government: On or about September 8, 2014 through September 10, 2014, as part of an undercover investigation an FBI employee downloaded five videos of child pornography from IP address 24.54.231.84 using a file sharing network. The downloaded files contained videos depicting female minors, including prepubescent minors ages 4 and 5, being forcefully penetrated by an adult male, and a video of a male toddler 4 or 5 years old being fondled by an adult male. Choice Cable, the owner of IP address 24.54.231.84 responded to an FBI summons stating that from September 8, 2014 through September 10, 2014, IP address 24.54.231.84 was assigned to Donato Ruiz-Rosado at Villa San Antonio, 41599, El Oscuro Sector, Quebradillas, Puerto Rico 00678. On November 12, 2014, FBI agents executed a search warrant at the previously mentioned address, and seized nine pieces of electronic equipment and media, including but not limited to one Gateway laptop computer and one Western Digital hard drive, both belonging to the defendant. Also on November 12, 2014, FBI agents interviewed the defendant who stated that he started searching for child pornography on his computer approximately one year before the date that the warrant was executed, searches videos by the files' titles, downloads the ones he likes, and believed to have approximately 100 child pornography videos. FBI agents performed the forensic analysis on the computer which yielded a positive result for the

presence of child pornography. Approximately 84 videos of child pornography primarily depicting prepubescent minors were found in the computer.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G. Additional Warnings

Defendant was advised, and he understood, that he will have to register as a "Sex Offender" pursuant to the Sex Offender Registration and Notification Act, that this is public information, and that there is a possibility that he may have to register for life.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a "straight" plea of guilty as to count one of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

6

In San Juan, Puerto Rico, this 10th day of February, 2017.

                                                          <u>s/Marcos E. López</u>
                                                        U.S. Magistrate Judge